1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9
10
11
12
13
14
15
16

| | |
|---|---|
| MARJORIE PROTHERO, individually, and on behalf of all others similarly situated, | Case No.: _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| PREMERA BLUE CROSS, a Washington nonprofit corporation, and DOES 1-50, | |
| Defendants. | |

17
18
19
20
21

Plaintiff Marjorie Prothero ("Plaintiff"), by and through her undersigned counsel, on behalf of herself and all others similarly situated, brings the following Class Action Complaint against Defendant Premera Blue Cross ("Defendant"), based upon information and belief and the investigation of counsel, except for information based on personal knowledge, and hereby alleges as follows:

22

**NATURE OF THE CASE**

23
24
25
26

1.      On March 17, 2015, Premera announced that unauthorized persons had accessed its Information Technology (IT) systems that contained members' name, dates of birth, Social Security number, mailing address, email address, telephone number, member identification number, bank account information, and claims information, including clinical information.

CLASS ACTION COMPLAINT - 1

1  <https://www.premera.com/wa/visitor/about-premera/press-releases/2015_03_17/> (last visited

2  Apr. 17, 2015).

3       2.     This breach of Premera's IT systems would not have occurred, or would not have

4  occurred with such severity, but for Premera's failure to secure and safeguard the personally

5  identifiable information ("PII") and medical information of Plaintiff and Class members that

6  they provided to Premera.

7       3.     Plaintiff brings this class action lawsuit against Defendant to recover statutory

8  and common law damages resulting from Defendant's failure to safeguard and secure the PII

9  and medical information of Plaintiff and Class members.  In addition, Plaintiff seeks restitution

10  and injunctive relief that will ensure Premera protects Plaintiff's and Class members' PII and

11  medical information from any future breaches.

12       4.     As detailed below, Plaintiff brings this action on behalf of herself and all

13  similarly situated individuals in the United States and a subclass of Washington residents, whose

14  personal information and/or medical information was compromised in the data breach disclosed

15  by Premera Blue Cross on or about March 17, 2015.

16                         **PARTIES**

17       5.     Plaintiff Marjorie Prothero ("Plaintiff") is an individual who currently resides in

18  Spokane, Washington.  Plaintiff is insured by Defendant.

19       6.     Defendant Premera Blue Cross ("Defendant" or "Premera") is a Washington

20  nonprofit corporation and independent licensee of the Blue Cross Blue Shield Association and is

21  one of the largest health plans in the Pacific Northwest. *See Our Story*, Premera Blue Cross

22  <https://www.premera.com/wa/visitor/about-premera/> (last visited Apr. 17, 2015); *Our*

23  *Company*, Premera Blue Cross <https://www.premera.com/wa/visitor/about-premera/our-

24  story/> (last visited Apr. 17, 2015). Defendant's headquarters are located at 7001 220th Street

25  SW, Mountlake Terrace, Washington, 98043.  Defendant conducts business throughout this

26  District and the United States.  Defendant's registered agent for service of process is CT

CLASS ACTION COMPLAINT - 2

Corporation System located at 505 Union Ave SE, Suite 120, Olympia, Washington 98501.

7.     The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as DOES 1-50, inclusive, are presently unknown to Plaintiff and thus sued by fictitious names.  On information and belief, each of the Defendants designated herein as a "DOE" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiff will seek leave of this Court to amend this Complaint in order to show the true names and capacities of such parties when the same have been ascertained.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because this is a class action in which the proposed class consists of more than 100 members; at least some members of the proposed class are citizens of a state different from any defendant; and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct, and does conduct, business in the State of Washington, providing health insurance to citizens of this State, including Plaintiff.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this District and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND

11.    Health insurer Premera Blue Cross ("Defendant" or "Premera"), through its deficient cyber security policies, procedures, protocols, and safeguards, exposed the medical data and financial information of approximately 11 million of its current and former insureds. To date, this appears to be the largest data breach reported that involves disclosure of patient medical information.

CLASS ACTION COMPLAINT - 3

12.     As a result of Defendant's deficient security systems, hackers were able to gain access to claims information, including clinical information, along with banking account numbers, Social Security numbers, birth dates, a variety of personally identifiable information ("PII"), and other data in an attack that began at least as early as May 2014 (the "Data Breach").

13.     By May 5, 2014, hackers infiltrated Defendant's Information Technology ("IT") system and, for months thereafter, had access to as many as 11 million records of current and former insureds and employees, as well as Blue Cross Blue Shield customers who received medical treatment in Washington or Alaska.  The hackers were able to access these individuals' names, dates of birth, email addresses, addresses, telephone numbers, Social Security numbers, member identification numbers, bank account information, claims information including clinical data, and other information.

14.     Defendant has stated that the Data Breach affected current and former customers of Premera Blue Cross, Premera Blue Cross Blue Shield of Alaska, and affiliates, including Vivacity and Connexion Insurance Solutions, Inc. *See, e.g.* <https://www.premera.com/wa/visitor/about-premera/press-releases/2015_03_17/> (last visited Apr. 17, 2015).  Several days after the breach, LifeWise Health Plan of Oregon announced that 60,000 of its members were compromised by the Data Breach.

15.     Defendant further acknowledged that the breach affected members of any Blue Cross Blue Shield plan who had received medical treatment in Washington or Alaska, and that "[i]ndividuals who do business with us and provided us with their email address, personal bank account number or social security number are also affected." <http://www.premeraupdate.com/> (statement of Jeffrey Roe) (last visited Apr. 17, 2015).

16.     On information and belief, Plaintiff's PII and medical information was compromised as a result of the Data Breach.

17.     On information and belief, Defendant failed to properly segregate medical information from other PII and financial information.

CLASS ACTION COMPLAINT - 4

18.     The federal government explicitly warned Defendant that its cyber security systems were vulnerable before the Data Breach occurred.  Specifically, on April 18, 2014, the Office of Personnel Management ("OPM") delivered the results of an audit it performed on Premera's IT systems. The OPM audit identified ten areas in which Defendant's systems were inadequate and vulnerable to attack.  *See* Mike Baker, Feds Warned Premera About Security Flaws Before Breach, Seattle Times, Mar. 18, 2015, *available at* <http://www.seattletimes.com/ business/local-business/feds-warned-premera-about-security-flaws-before-breach/> (last visited Apr. 17, 2015).

19.     The OPM audit found that Premera was not implementing critical security patches and other software updates and warned: "Failure to promptly install important updates increases the risk that vulnerabilities will not be remediated and sensitive data could be breached."  U.S. Office of Personnel Management, Office of the Inspector General, Final Audit Report at 7 (Nov. 8, 2014), *available at* <https://s3.amazonaws.com/s3.documentcloud.org /documents /1688453/opm-audit.pdf> (last visited Apr. 17, 2015).

20.     Instead of acting upon the results of the OPM audit, implementing the Inspector General's recommendations, and immediately strengthening its IT security systems, protocols and safeguards, Defendant allowed itself to remain vulnerable and, predictably, allowed the Data Breach to occur months after the federal audit was completed.

21.     The hackers appear to have accessed the PII and medical information in unencrypted form, or to have obtained a key allowing the information to be unencrypted.  *See, e.g.*, Joseph Goedert, Premera Breach Highlights Need for Encryption, HealthData Management, Mar. 19, 2015, *available at* <http://www.healthdatamanagement.com/news/Decision-to-Forgo-Encryption-Costing-Health-Organizations-Dearly-50014-1.html> (last visited Apr. 17, 2015).

22.     Medical records are highly valuable on underground criminal exchanges where stolen data is sold because the information can be used to engage in insurance fraud, and because the PII involved can be used to engage in a variety of other crimes, including financial

CLASS ACTION COMPLAINT - 5

1     identity theft, for instance by using one's Social Security number to open new accounts in a

2     victim's name.

3             23.     Defendant did not disclose the Data Breach until March 17, 2015, despite having

4     known about it since at least January 29, 2015, according to its own account of events.

5             24.     Defendant has not yet fully and accurately informed its insureds regarding the

6     scope of the Data Breach or the risks of identity theft.  It is not clear how many insureds

7     Defendant has notified to date, but Defendant itself estimates that it will not complete the

8     notification process until April 20, 2015 — approximately three months after the Data Breach.

9             25.     It is critical that companies affected by data breaches provide timely, accurate,

10     and complete information to those whose information has been compromised so they can take

11     necessary precautions to protect themselves and their families from further harm.  Accordingly,

12     the Health Insurance Portability and Accountability Act ("HIPAA") requires that Defendant

13     provide notice without unreasonable delay and no later than 60 days after discovery of a breach.

14     *See* 45 C.F.R. § 164.404.  Washington state law similarly requires Defendant to provide notice

15     in the most expedient time possible.  *See* RCW § 19.255.010.

16             26.     On information and belief, Defendant, in violation of HIPAA and Washington

17     state law, did not establish and implement adequate security measures to protect the PII and

18     medical information residing on Defendant's IT system and did not provide proper notice of the

19     Data Breach.

20             27.     Defendant was on notice of the need to apply critical security patches and other

21     software updates but, upon information and belief, failed to do so.

22             28.     As a result of the Data Breach, Plaintiff and members of the Class will be

23     required to take a variety of steps to monitor for and safeguard against identity theft and are at a

24     much greater risk of suffering identity theft. Identify theft may include fraudulent medical care

25     in the victims' names, charges for such medical care, and/or adulteration of the victims' true

26     medical records in possibly dangerous ways.  In addition, these victims of the Data Breach are at

CLASS ACTION COMPLAINT - 6

1    a heightened risk of potentially devastating financial identity theft.  As the Bureau of Justice

2    Statistics reports, identity theft causes its victims out-of-pocket monetary losses and costs the

3    nation's economy billions of dollars every year.  *See* U.S. Dept. of Justice, Bureau of Justice

4    Statistics, Victims of Identity Theft, 2012 (Dec. 2013), *available at* <http://www.bjs.gov/

5    content/pub/pdf/vit12.pdf> (last visited Apr. 17, 2015).

6        29.    Exposure of Social Security numbers, such as those disclosed through the Data

7    Breach that Defendant failed to prevent, can be especially devastating, as thieves can use Social

8    Security numbers, in combination with other compromised PII, to open financial and other

9    accounts in victims' names without their knowledge, and even to obtain fraudulent

10   encumbrances on victims' property.

11       30.    Defendant breached its duty (a) to protect and safeguard its current and former

12   insureds' PII and medical information, and (b) to notify those affected by the Data Breach in a

13   timely and complete manner.

14       31.    Plaintiff brings this action on behalf of herself and similarly situated insureds

15   whose PII and medical information was compromised in the Data Breach, for compensation for

16   the injuries they have suffered and for injunctive relief to ensure that Defendant takes proper

17   security precautions in the future and gives prompt and full information to all affected people

18   concerning their exposure through the Data Breach.

19                           **CLASS ACTION ALLEGATIONS**

20       32.    Plaintiff brings this action on her own behalf and on behalf of a nationwide class

21   preliminarily defined as:

22       All current or former insureds of Premera Blue Cross residing in the United
         States whose personal and/or medical information was compromised in the data
23       breach disclosed by Premera Blue Cross on or about March 17, 2015.

24   (The "Nationwide Class.")  Specifically excluded from the Nationwide Class are (a) Defendant;

25   (b) any agent, affiliate, parent, or subsidiary of Defendant; (c) any entity in which Defendant has

26   a controlling interest; (d) any officer or director of Defendant; (e) any successor or assign of

CLASS ACTION COMPLAINT - 7

1   Defendant; and (f) the Court, Court personnel and members of their immediate families.

2   33.   Further, Plaintiff brings this action on her own behalf and on behalf of a

3   Washington State Class, preliminarily defined as:

4   All current or former insureds of Premera Blue Cross residing in the State of
    Washington whose personal and/or medical information was compromised in the
5   data breach disclosed by Premera Blue Cross on or about March 17, 2015.

6   (The "Washington Class.")  Specifically excluded from the Washington Class are (a) Defendant;

7   (b) any agent, affiliate, parent, or subsidiary of Defendant; (c) any entity in which Defendant has

8   a controlling interest; (d) any officer or director of Defendant; (e) any successor or assign of

9   Defendant; and (f) the Court, Court personnel and members of their immediate families.

10  34.   Plaintiff reserves the right to modify, expand, or amend the above class

11  definitions or seek certification of a class that is defined differently than above before any court

12  determines whether certification is appropriate following discovery.

13  35.   **Numerosity of the Class.**   The proposed Nationwide Class consists of

14  approximately 11 million members—far too many to join in a single action, and although the

15  Washington Class is smaller, on information and belief the Washington Class consists of

16  thousands of members, at a minimum, and also satisfies the numerosity requirement.

17  36.   **Ascertainable Class.**  The community of interest among Class members is well-

18  defined and the proposed Classes are ascertainable from objective criteria.  The identity of Class

19  members is readily identifiable from information in Defendant's possession, custody, or control.

20  Class members can be notified of the pendency of Plaintiffs' Class Action Complaint by mail or

21  published notice.  If necessary to preserve the case as a class action, the Court can redefine the

22  Class and/or Subclasses.

23  37.   **Commonality and predominance.**   There is a well-defined community of

24  interest in the questions of law and fact to be litigated.  These common questions of law and fact

25  exist as to all members of the Class and predominate over any questions affecting only

26

CLASS ACTION COMPLAINT - 8

individual members, including, but not limited to:

    a.     Whether Defendant unlawfully used, maintained, lost or disclosed Class members' personal, financial, and/or other information;

    b.     Whether Defendant unreasonably delayed in notifying affected individuals of the Data Breach and whether the belated notice was adequate;

    c.     Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

    d.     Whether Defendant's conduct was negligent;

    e.     Whether Defendant's conduct in connection with the Data Breach and notification thereof violated HIPAA;

    f.     Whether Defendant's conduct in connection with the Data Breach and notification thereof violated Washington state law;

    g.     Whether Defendant's conduct in connection with the Data Breach and notification thereof breached the terms of any implied and/or express contracts between it and Class members;

    h.     Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

38.   **Typicality.** Plaintiff is a member of the Class and presents claims that are typical of Class members' claims. Plaintiff's claims are typical of those of other Class members because each arises from the same Data Breach, the same alleged negligence of and/or statutory violations by Defendant, and the same unreasonable manner of notifying Defendant's insureds regarding the Data Breach.

39.   **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of each Class. Plaintiff shares a common interest with all Class members and her

CLASS ACTION COMPLAINT - 9

interests do not conflict with interests of Class members. Plaintiff has retained counsel who are competent and experienced in complex class action litigation and medical data privacy to vigorously prosecute this action on behalf of both classes.

40.    **Superiority of Class Adjudication.** The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are Class members who are unlikely to join or bring an action due to, among other reasons, their reluctance to sue Defendant and/or their inability to afford a separate action. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the Class members in relation to the benefits received. The damages, restitution and other potential recovery for each individual member of the Class are modest, relative to the substantial burden and expense of individual prosecution of these claims. Given the amount of the individual Class members' claims, few, if any, Class members could afford to seek legal redress individually for the wrongs complained of herein. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

41.    In the alternative, the above-referenced Classes may be certified because:

     a.    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members' claims which would establish incompatible standards of conduct for Defendant;

     b.    The prosecution of separate actions by individual members of the Class

CLASS ACTION COMPLAINT - 10

would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the class who are not parties to the adjudications, or which would substantially impair or impede the ability of other class members to protect their interests; and,

c.  Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the Class.

## FIRST CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiff and All Classes)

42.    Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

43.    Defendant required Plaintiff and Class members to submit non-public PII and medical information in order to acquire coverage under a health insurance policy and/or receive medical treatment.

44.    Defendant collected and stored Plaintiff's and Class members' PII and medical information.

45.    Defendant assumed a duty of care to use reasonable means to secure and safeguard Plaintiff's and Class members' PII and medical information, to prevent disclosure of the information, to guard the information from theft, and to detect any attempted or actual breach of its IT systems.

46.    Defendant breached its duty of care by failing to secure and safeguard the PII and medical information of Plaintiff and other members of the classes.  Defendant negligently maintained systems that it knew were vulnerable to a security breach, despite being made aware of these vulnerabilities, including through the federal government's audit of those very systems. Upon information and belief, Defendant negligently stored Plaintiff's and Class members' PII

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
PH.: 206 625-1326

and medical information in an unencrypted form on a single, highly vulnerable database.

47.     Defendant continues to breach its duty of care by failing to share crucial, complete information with Plaintiff and other members of the classes in a timely manner.

48.     Plaintiff and the other members of the classes have suffered harm as a result of Defendant's negligence.  These victims' loss of control over the PII and medical information exposed subjects each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft. Plaintiff and other members of the proposed classes suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice to them concerning the Data Breach and the risks they face.

## SECOND CAUSE OF ACTION

### Negligence *Per Se*

### (On Behalf of Plaintiff and All Classes)

49.     Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

50.     Under HIPAA, Defendant had a duty to secure and safeguard the personal information of its customers.  Defendant acknowledged this duty to its customers in its Notice of Privacy Practices, and warranted that it would comport with its duties under HIPAA.

51.     Defendant violated HIPAA by failing to secure and safeguard the PII and medical information belonging to Plaintiff and other members of the classes: by failing to implement protections against "reasonably anticipated threats," 45 C.F.R. § 164.306; by failing to encrypt the PII and medical information, 45 C.F.R. § 164.312; and by failing to notify Plaintiff and other members of the classes in accordance with the requirements set forth at 45 C.F.R. § 164.404.

52.     Defendant further violated notification requirements under state law, including RCW § 19.255.010 and Or. Rev. Stat. § 646A.604, and state law that required Defendant to properly safeguard Defendant's PII and medical information, including RCW § 19.255.020 and

CLASS ACTION COMPLAINT - 12

1  Or. Rev. Stat. § 646A.622.

2      53.    Plaintiff and the other members of the classes have suffered harm as a result of

3  Defendant's negligence *per se*.  Plaintiff's and Class members' loss of control over the PII and

4  medical information exposed subjects each of them to a greatly enhanced risk of identity theft,

5  medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other

6  types of fraud and theft.  Plaintiff and other members of the proposed classes suffered and

7  continue to suffer further harm by virtue of Defendant's failure to give timely and complete

8  notice to them concerning the Data Breach and the risks they face.

9                              **THIRD CAUSE OF ACTION**

10                                    **Bailment**

11                          **(On Behalf of Plaintiff and All Classes)**

12     54.    Plaintiff alleges and incorporates by reference all the preceding paragraphs above

13  as if fully set forth herein.

14     55.    Plaintiff and other members of the proposed classes delivered and entrusted their

15  PII and medical information to Defendant for the sole purpose of receiving health insurance

16  services and/or medical treatment from Defendant.

17     56.    By delivering their PII and medical information to Defendant, Plaintiff and other

18  members of the proposed classes intended and understood that Defendant would safeguard

19  adequately their PII and medical information against hacking and/or disclosure to unauthorized

20  persons.

21     57.    By accepting possession of the PII and medical information belonging to Plaintiff

22  and other members of the proposed classes, Defendant understood that Plaintiff and other

23  members of the proposed classes expected Defendant to safeguard adequately their PII and

24  medical information.

25     58.    Defendant accepted possession of the PII and medical information belonging to

26  Plaintiff and other members of the proposed classes for the purpose of providing health

CLASS ACTION COMPLAINT - 13

1  insurance and/or medical treatment to them.  Thus, a bailment (or deposit) was established for
2  the mutual benefit of the parties.

3          59.      During the time of bailment, Defendant owed Plaintiff and other members of the
4  proposed classes a duty to safeguard this information properly and maintain reasonable security
5  procedures and practices to protect such information.

6          60.      Defendant breached its duty to safeguard this information properly and maintain
7  reasonable security procedures and practices to protect such information.

8          61.      Plaintiff and the other members of the classes have suffered harm as a result of
9  Defendant's breach of its bailment and of its duty of care.  These victims' loss of control over
10 the PII and medical information exposed subjects each of them to a greatly enhanced risk of
11 identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and
12 myriad other types of fraud and theft.  Plaintiff and other members of the proposed classes
13 suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and
14 complete notice to them concerning the Data Breach and the risks they face.

15                              **FOURTH CAUSE OF ACTION**

16                                  **Breach of Contract**

17                          **(On Behalf of Plaintiff and All Classes)**

18         62.      Plaintiff alleges and incorporates by reference all the preceding paragraphs above
19 as if fully set forth herein.

20         63.      Defendant entered into written (or, in the alternative implied) contracts with
21 Plaintiff and the classes in which it agreed to provide health insurance in exchange for periodic
22 payments of premiums.

23         64.      Under the terms of this contractual agreement, Defendant was obliged to
24 maintain the security of its insureds' PII and medical information, and to comply with HIPAA.

25         65.      Defendant breached its contractual obligations by failing to secure and safeguard
26 the PII and medical information of Plaintiff and other members of the classes.  Defendant

CLASS ACTION COMPLAINT - 14

negligently maintained systems that it knew were vulnerable to a security breach, despite being made aware of these vulnerabilities any number of ways, including through the federal government's audit of those very systems. Defendant negligently stored PII and medical information in an unencrypted form on a single, highly vulnerable database.

66. Defendant continues to breach its contractual obligations by failing to share crucial, complete information with Plaintiff and other members of the classes in a timely manner.

67. Plaintiff and the other members of the classes have suffered harm as a result of Defendant's breach of contract. These victims' loss of control over the PII and medical information exposed subjects each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft. Plaintiff and other members of the proposed classes suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice to them concerning the Data Breach and the risks they face.

## FIFTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (On Behalf of Plaintiff and All Classes)

68. Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

69. As the health insurance provider to Plaintiff and other members of the proposed classes, Defendant owed such persons a fiduciary duty, which included the duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information, and to keep Plaintiff and other members of the proposed classes fully informed in a timely manner regarding the Data Breach.

70. Defendant breached its fiduciary duties by failing to secure and safeguard the PII and medical information of Plaintiff and other members of the classes. Defendant negligently

CLASS ACTION COMPLAINT - 15

maintained systems that it knew were vulnerable to a security breach, despite being made aware of these vulnerabilities any number of ways, including through the federal government's audit of those very systems.   Defendant negligently stored PII and medical information in an unencrypted form on a single, highly vulnerable database.

71.     Defendant continues to breach its fiduciary duties by failing to share crucial, complete information with Plaintiff and other members of the classes in a timely manner.

72.     Plaintiff and the other members of the classes have suffered harm as a result of Defendant's breach of fiduciary duty.   These victims' loss of control over the PII and medical information exposed subjects each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft.   Plaintiff and other members of the proposed classes suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice to them concerning the Data Breach and the risks they face.

## SIXTH CAUSE OF ACTION

### Violation of Washington's Data Disclosure Law, RCW § 19.255.010-020

### (On Behalf of Plaintiff and All Classes)

73.     Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

74.     Under RCW § 19.255.010, Defendant is required to disclose "any breach of the security of the data immediately following discovery" of a data breach, "in the most expedient time possible and without unreasonable delay."

75.     Under RCW § 19.255.020, Defendant is required to exercise "reasonable care to guard against unauthorized access to" the PII and medical information disclosed in the Data Breach.

76.     Defendant failed to disclose the Data Breach in the most expedient time possible, and failed to exercise reasonable care to prevent the Data Breach.

CLASS ACTION COMPLAINT - 16

77.     Plaintiff seeks damages as permitted by law, as well as injunctive relief.  As of this filing, Defendant has not provided notice to victims of the Data Breach consistent with the requirements of Washington law, and it should be compelled to do so without delay.

**SEVENTH CAUSE OF ACTION**

**Violation of the Washington Consumer Protection Act, RCW § 19.86 *et seq.***

**(On Behalf of Plaintiff and All Classes)**

78.     Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

79.     Defendant is a "person" within the meaning of the Washington Consumer Protection Act, RCW § 19.86.010(1), and conducts "trade" and "commerce" within the meaning RCW § 19.86.010(2).

80.     Plaintiff and other members of the Classes are "persons" within the meaning of RCW § 19.86.010(1).

81.     Defendant's failure to safeguard the PII and medical information disclosed in the Data Breach constitutes an unfair act that offends public policy, including as set forth in HIPAA and the state laws cited supra.

82.     Defendant's failure to promptly and fully notify Plaintiff and other members of the classes regarding the Data Breach is unfair because these acts or practices offend public policy, including as set forth in HIPAA and the state laws cited supra.

83.     Defendant's failure to safeguard the PII and medical information disclosed in the Data Breach, and its failure to provide timely and complete notice of that Data Breach to the victims, causes substantial injury to Plaintiff and other members of the Classes, is not outweighed by any countervailing benefits to consumers or competitors, and is not reasonably avoidable by consumers.

84.     Defendant's failure to safeguard the PII and medical information disclosed in the Data Breach, and its failure to provide timely and complete notice of that Data Breach to the

CLASS ACTION COMPLAINT - 17

victims, is unfair because these acts and practices are immoral, unethical, oppressive and/or unscrupulous.

85.     Defendant's unfair acts or practices occurred in its trade or business and have and are capable of injuring a substantial portion of the public.  Defendant's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

86.     As a direct and proximate result of Defendant's unfair acts or practices, Plaintiff and other members of the classes suffered injury in fact.

87.     Plaintiff and other members of the Classes are entitled to an order enjoining the conduct complained of herein and ordering Defendant to take remedial measures to prevent similar data breaches; actual damages; treble damages pursuant to RCW § 19.86.090; costs of suit, including reasonable attorney fees; and such further relief as the Court may deem proper.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

### (On Behalf of Plaintiff and All Classes)

88.     Plaintiff alleges and incorporates by reference all the preceding paragraphs above as if fully set forth herein.

89.     If the Court finds Plaintiff's and other Class members' contracts with Defendant for protection of their PII and medical information invalid, non-existent, or otherwise unenforceable, Plaintiff and other Class members may be left without any adequate remedy at law.

90.     Plaintiff and other Class members conferred a monetary benefit on Defendant in the form of fees paid for healthcare insurance.  Defendant appreciated or had knowledge of the benefits conferred upon it by Plaintiff and other Class members.

91.     The fees that Plaintiff and other Class members paid to Defendant were supposed to be used by Defendant, in part, to pay for the costs of reasonable data management and

CLASS ACTION COMPLAINT - 18

security, including encryption of PII and medical information.

92.     Under principles of equity and good conscience, Defendant should not be permitted to retain the money paid by Plaintiff and other Class members, because Defendant failed to implement reasonable cyber security measures that Plaintiff and other Class members paid for and that are mandated by HIPAA, by the state laws cited above, and by industry standards.

93.     As a result of Defendant's conduct, Plaintiff and other Class members suffered damages in the amount of the difference between the price they paid for Defendant's insurance as promised and the actual diminished value of what they received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

a.     An order certifying the proposed classes pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and her counsel to represent the classes;

b.     An order awarding Plaintiff and other Class members monetary relief, including actual and statutory damages;

c.     Equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and other Class members' PII and medical information, and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and other Class members;

d.     Equitable relief compelling Defendant to utilize appropriate methods and policies with respect to its data collection, storage, and safety practices and to disclose with specificity to Class members the type of data compromised in the Data Breach, and other information required under the laws cited herein;

e.     Equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

CLASS ACTION COMPLAINT - 19

1      f.       An award of attorneys' fees;

2      g.      An award of the costs of suit;

3      h.      An award of pre-judgment and post-judgment interest, as provided by law; and

4      i.       Such other and further relief as this Court deems just and proper.

5      **DEMAND FOR JURY TRIAL**

6      Plaintiff hereby demands trial by jury of all claims so triable.

7      Respectfully submitted,

8      Dated:  April 22, 2015      IDE LAW OFFICE

9

      s/ Matthew J. Ide, WSBA No. 26002

10      Matthew J. Ide, WSBA No. 26002
      7900 SE 28th Street, Suite 500

11      Mercer Island, WA 98040
      Tel.  (206) 625-1326

12      email: mjide@yahoo.com

13      RIDOUT LYON + OTTOSON, LLP
      Christopher P. Ridout (CA SBN: 269721)*

14      Caleb Marker (CA SBN: 269721)*
      555 E. Ocean Boulevard, Suite 500

15      Long Beach, California 90802

16      (562) 216-7380 Telephone
      c.ridout@rlollp.com

17      c.marker@rlollp.com
      [*pro hac vice applications to be submitted]

18

19      *Attorneys for Plaintiff*

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 20